1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| AIR802, LLC, an Illinois Limited Liability Company, | No.  2:11–cv–00341 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| AMAZON.COM, INC., a Washington Corporation, | |
| Defendant. | **JURY DEMAND** |

        Plaintiff AIR802, LLC, by and through its attorneys John E. Grant and Imua Legal

Advisors, alleges as follows:

<u>**PARTIES**</u>

        1.        Plaintiff AIR802, LLC ("AIR802") is an Illinois Limited Liability Company

with its principal place of business at 424 Fort Hill Drive, #105 Naperville, IL 60540.

        2.        Upon information and belief, Defendant Amazon.com, Inc. is a Washington

Corporation with its principal place of business at 1200 12th Ave S, Seattle, WA 98144.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

1

## JURISDICTION AND VENUE

2

3.      This is an action for infringement of a federally registered trademark in

3

violation of 15 U.S.C. § 1114(1); for unfair competition in violation of the 15 U.S.C. §

4

1125(a); for counterfeiting in violation of 15 U.S.C. § 1117(c); for violation of the

5

Washington Consumer Protection Act, R.C.W. 19.86; for trademark infringement under

6

Washington common law; and for unfair competition under Washington common law.

7

4.      The Court has original subject matter jurisdiction over this action pursuant to

8

15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338. The court has supplemental jurisdiction over

9

the state law claims under 28 U.S.C. § 1367.

10

5.      The Court has personal jurisdiction over the Defendant, who has sufficiently

11

continuous, systematic, and routine contacts with Washington to establish such jurisdiction.

12

Wrongful acts of the Defendant alleged herein occurred in and caused injury to AIR802 in

13

Washington.

14

6.      Venue in the United States District Court, Western District of Washington is

15

proper pursuant to 28 U.S.C. § 1391(b)(1).

16

## BACKGROUND

17

7.      AIR802 manufactures high quality wireless and cable products, such as high

18

power and long range access points or routers, USB adapters, antennas, and coaxial

19

connectors. AIR802 offers its products for sale directly to consumers and through distributors

20

and resellers.

21

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 2

1    8.      Plaintiff first adopted the "AIR802" trademark for use in selling and promoting

2  its products and services in August 2005 and has used the AIR802 mark continuously in

3  United States commerce since that time.

4    9.      Plaintiff is the owner of federal trademark registration number 3,380,827 which

5  issued on February 12, 2008 on the principal register of the United States Patent and

6  Trademark Office. The trademark is valid and subsisting and its registration has never been

7  cancelled. A true copy of this registration is attached as Plaintiff's Exhibit A.

8    10.     Plaintiff has given notice to the public of the registration of its trademarks and

9  service marks in accordance with 15 U.S.C. § 1111.

10    11.     Plaintiff's goods are sold on its website, air802.com, and by distributors and

11  resellers throughout the United States.

12    12.     Plaintiff advertises its products in publications such as the directory for the

13  professional association of Wireless Internet Service Providers and using social media such as

14  Facebook.com.

15    13.     Plaintiff has invested substantial time, effort, and financial resources

16  promoting its AIR802 trademark in connection with the marketing and sale of its goods in

17  interstate commerce. The AIR802 mark has become, through widespread and favorable public

18  acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality

19  products, and its goodwill. The consuming public recognizes the AIR802 trademark and

20  associates it with Plaintiff.

21

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

**IMUA LEGAL ADVISORS**
1752 NW MARKET ST., # 211
SEATTLE, WA 98107
TEL 206-903-8182  FAX 206-903-8183

14.     Plaintiff's AIR802 mark is inherently distinctive as applied to Plaintiff's goods that bear that mark.

15.     Plaintiff entered into a distribution agreement with Defendant on or around January 2009, whereby Plaintiff agreed to sell its AIR802-branded products through the Amazon.com web store and share sales revenues with Defendant. Plaintiff also agreed to pay Defendant certain processing fees.

16.     On several occasions in November 2010, Plaintiff formally requested in writing that Defendant cease and desist from its infringing actions, but Defendant did not comply nor respond to these requests.

**FIRST CAUSE OF ACTION—CLAIMS RELATING TO DEFENDANT'S PURPORTED SALES OF PLAINTIFF'S "ANTENNA, DIPOLE (RUBBER DUCK), 2.4 GHZ, 2 DBI, RP-TNC CONNECTOR"**

17.     Plaintiff realleges and incorporates paragraphs 1–16 above as though fully set forth herein.

18.     Plaintiff manufactures and sells a product known as "Antenna, Dipole (Rubber Duck), 2.4 GHz, 2 dBi, RP-TNC Connector" with the AIR802 SKU of ANRD2402-RPTNC and an Amazon Standard Identification Number (ASIN) of B002R2FJWI.

19.     Upon information and belief, Defendant has used and continues to use the AIR802 trademark without Plaintiff's consent to sell a competing antenna product manufactured by Cisco Systems.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 4

20.     Defendant has engaged in this conduct with the intent to mislead, deceive, or confuse customers as to the origin of goods and the intent to trade on Plaintiff's reputation and goodwill.

21.     At all times during a consumer's attempted purchase of the AIR802 Antenna Product, Defendant leads the consumer to believe that he is purchasing a genuine AIR802 antenna. At no time does Defendant disclose or make obvious that it will fulfill the order using a Cisco Systems antenna in place of the AIR802 product.

22.     Defendant has engaged in this infringing activity despite having constructive notice of Plaintiff's 15 U.S.C. § 1072 federal trademark registration rights and despite having actual knowledge of Plaintiff's use of the AIR802 trademark.

23.     Defendant's unauthorized use of the AIR802 trademark in the course of selling a competing product constitutes "palming off" trademark infringement in violation of 15 U.S.C. § 1114(1).

24.     Defendant's unauthorized use of the AIR802 trademark in the course of selling a competing product constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

25.     Defendant's unauthorized use of the AIR802 trademark in the course of selling a competing product constitutes counterfeiting in violation of 15 U.S.C. § 1117(c).

26.     Defendant's unauthorized use of the AIR802 trademark in the course of selling a competing product constitutes a violation of the Washington Consumer Protection Act (R.C.W. 19.86).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 5

1    27.    Defendant's unauthorized use of the AIR802 trademark in the course of

2  selling a competing product constitutes trademark infringement under Washington common

3  law.

4    28.    Defendant's unauthorized use of the AIR802 trademark in the course of

5  selling a competing product constitutes unfair competition under Washington common law.

6

7  **SECOND CAUSE OF ACTION—CLAIMS RELATING TO DEFENDANT'S PURPORTED**

8  **SALES OF PLAINTIFF'S "DIPOLE RUBBER DUCK WIFI ANTENNA, INDOOR HIGH**

9  **GAIN 5DBI, SMA CONNECTOR"**

10    29.    Plaintiff realleges and incorporates paragraphs 1–28 above as though fully set

11  forth herein.

12    30.    Plaintiff manufactures and sells a product known as "Dipole Rubber Duck

13  WiFi Antenna, Indoor High Gain 5dBi, SMA Connector" with the AIR802 SKU of

14  ANRD2405-SMA and an ASIN of B002R2BJKO.

15    31.    Upon information and belief, Defendant has used and continues to use the

16  AIR802 trademark without Plaintiff's consent to sell a competing antenna product.

17    32.    Defendant has engaged in this conduct with the intent to mislead, deceive, or

18  confuse customers as to the origin of goods and the intent to trade on Plaintiff's reputation

19  and goodwill.

20    33.    At all times during a consumer's attempted purchase of the AIR802 Antenna

21  Product, Defendant leads the purchasing consumer to believe that he is purchasing a genuine

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 6

**IMUA LEGAL ADVISORS**
1752 NW MARKET ST., # 211
SEATTLE, WA 98107
TEL 206-903-8182  FAX 206-903-8183

1    AIR802 antenna.  At no time does Defendant disclose or make obvious that it will fulfill the

2    order using a competitor's antenna in place of the AIR802 product.

3          34.    Defendant has engaged in this infringing activity despite having constructive

4    notice of Plaintiff's 15 U.S.C. § 1072 federal trademark registration rights and despite having

5    actual knowledge of Plaintiff's use of the AIR802 trademark.

6          35.    Defendant's unauthorized use of the AIR802 trademark in the course of

7    selling a competing product constitutes trademark infringement in violation 15 U.S.C. §

8    1114(1).

9          36.    Defendant's unauthorized use of the AIR802 trademark in the course of

10   selling a competing product constitutes unfair competition in violation of 15 U.S.C. §

11   1125(a).

12         37.    Defendant's unauthorized use of the AIR802 trademark in the course of

13   selling a competing product constitutes counterfeiting in violation of 15 U.S.C. § 1117(c).

14         38.    Defendant's unauthorized use of the AIR802 trademark in the course of

15   selling a competing product constitutes a violation of the Washington Consumer Protection

16   Act (R.C.W. 19.86).

17         39.    Defendant's unauthorized use of the AIR802 trademark in the course of

18   selling a competing product constitutes trademark infringement under Washington common

19   law.

20

21

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 7

1    40.    Defendant's unauthorized use of the AIR802 trademark in the course of

2   selling a competing product also constitutes unfair competition under Washington common

3   law.

4

5   **THIRD CAUSE OF ACTION—CLAIMS RELATING TO DEFENDANT'S PURPORTED**

6   **SALES OF PLAINTIFF'S "AIR802 - CA400 ANTENNA CABLE ASSEMBLY (LMR 400**

7   **EQUIVALENT), NEW AIR802 TRI-METAL N PLUG (MALE TO N PLUG (MALE)**

8   **CONNECTORS, 3 FEET, POLYETHYLENE (PE) JACKET"**

9    41.    Plaintiff realleges and incorporates paragraphs 1–40 above as though fully set

10  forth herein.

11   42.    Plaintiff manufactures and sells a product known as "AIR802 - CA400 Antenna

12  Cable Assembly (LMR 400 Equivalent), New AIR802 Tri-Metal N Plug (Male to N Plug

13  (Male) Connectors, 3 Feet, Polyethylene (PE) Jacket" with the AIR802 SKU of CA400-

14  NMNM-003F and an ASIN of B0029P0GU8.

15   43.    Upon information and belief, Defendant has used and continues to use the

16  AIR802 trademark without Plaintiff's consent to sell a competing cable product manufactured

17  by Times Micro.

18   44.    Defendant has engaged in this conduct with the intent to mislead, deceive, or

19  confuse customers as to the origin of goods and the intent to trade on Plaintiff's reputation

20  and goodwill.

21

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 8

45.     At all times during a consumer's attempted purchase of the AIR802 cable product, Defendant leads the purchasing consumer to believe that he is purchasing a genuine AIR802 cable. At no time does Defendant disclose that it will fulfill the order using a Times Micro cable in place of the AIR802 product.

46.     Defendant has engaged in this infringing activity despite having constructive notice of Plaintiff's 15 U.S.C. § 1072 federal trademark registration rights and despite having actual knowledge of Plaintiff's use of the AIR802 trademark.

47.     Defendant's unauthorized use of the AIR802 trademark in the course of selling a competing product constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

48.     Defendant's unauthorized use of the AIR802 trademark in the course of selling a competing product constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

49.     Defendant's unauthorized use of the AIR802 trademark in the course of selling a competing product constitutes counterfeiting in violation of 15 U.S.C. § 1117(c).

50.     Defendant's unauthorized use of the AIR802 trademark in the course of selling a competing product constitutes a violation of the Washington Consumer Protection Act (R.C.W. 19.86).

51.     Defendant's unauthorized use of the AIR802 trademark in the course of selling a competing product constitutes trademark infringement under Washington common law.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 9

52.     Defendant's unauthorized use of the AIR802 trademark in the course of selling a competing product also constitutes unfair competition under Washington common law.

**FOURTH CAUSE OF ACTION—CLAIMS RELATING TO DEFENDANT'S PURPORTED SALES OF PLAINTIFF'S "AIR802 - CA400 ANTENNA CABLE ASSEMBLY (LMR 400 EQUIVALENT), N PLUG (MALE) NEW AIR802 TRI-METAL TYPE CONNECTORS, 4 FEET, PE JACKET, 50 OHM"**

53.     Plaintiff realleges and incorporates paragraphs 1–52 above as though fully set forth herein.

54.     Plaintiff manufactures and sells a product known as "AIR802 - CA400 Antenna Cable Assembly (LMR 400 Equivalent), N Plug (Male) New AIR802 Tri-Metal Type Connectors, 4 Feet, PE Jacket, 50 Ohm" with the AIR802 SKU of CA400-NMNM-004F and an ASIN of B0029PWA0W.

55.     Upon information and belief, Defendant has used and continues to use the AIR802 trademark without Plaintiff's consent to sell a competing cable product manufactured by Times Micro and/or a competing cable product with the SKU JE-L7VA-RKBI.

56.     Defendant has engaged in this conduct with the intent to mislead, deceive, or confuse customers as to the origin of goods and the intent to trade on Plaintiff's reputation and goodwill.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 10

1

57.     At all times during a consumer's attempted purchase of the AIR802 cable

2

product, Defendant leads the purchasing consumer to believe that he is purchasing a genuine

3

AIR802 cable. At no time does Defendant disclose that it will fulfill the order using a Times

4

Micro cable in place of the AIR802 product.

5

58.     Defendant has engaged in this infringing activity despite having constructive

6

notice of Plaintiff's 15 U.S.C. § 1072 federal trademark registration rights and despite having

7

actual knowledge of Plaintiff's use of the AIR802 trademark.

8

59.     Defendant's unauthorized use of the AIR802 trademark in the course of

9

selling a competing product constitutes trademark infringement in violation of 15 U.S.C. §

10

1114(1).

11

60.     Defendant's unauthorized use of the AIR802 trademark in the course of

12

selling a competing product constitutes unfair competition in violation of 15 U.S.C. §

13

1125(a).

14

61.     Defendant's unauthorized use of the AIR802 trademark in the course of

15

selling a competing product constitutes counterfeiting in violation of 15 U.S.C. § 1117(c).

16

62.     Defendant's unauthorized use of the AIR802 trademark in the course of

17

selling a competing product constitutes a violation of the Washington Consumer Protection

18

Act (R.C.W. 19.86).

19

63.     Defendant's unauthorized use of the AIR802 trademark in the course of

20

selling a competing product constitutes trademark infringement under Washington common

21

law.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 11

64.     Defendant's unauthorized use of the AIR802 trademark in the course of selling a competing product also constitutes unfair competition under Washington common law.

**FIFTH CAUSE OF ACTION—CLAIMS RELATING TO DEFENDANT'S PURPORTED SALES OF PLAINTIFF'S "AIR802 - CA400 ANTENNA CABLE ASSEMBLY (LMR 400 EQUIVALENT), N PLUG (MALE) TO N PLUG (MALE) TRI-METAL PLATED CONNECTORS, 5 FEET, POLYETHYLENE (PE) JACKET"**

65.     Plaintiff realleges and incorporates paragraphs 1–64 above as though fully set forth herein.

66.     Plaintiff manufactures and sells a product known as "AIR802 - CA400 Antenna Cable Assembly (LMR 400 Equivalent), N Plug (Male) to N Plug (Male) Tri-Metal Plated Connectors, 5 Feet, Polyethylene (PE) Jacket" with the AIR802 SKU of CA400-NMNM-005F and an ASIN of B0029PWFRK.

67.     Upon information and belief, Defendant used and continues to use the AIR802 trademark without Plaintiff's consent to sell a competing cable product manufactured by Times Micro.

68.     Defendant has engaged in this conduct with the intent to mislead, deceive, or confuse customers as to the origin of goods and the intent to trade on Plaintiff's reputation and goodwill.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 12

1

69.     At all times during a consumer's attempted purchase of the AIR802 cable

2  product, Defendant leads the purchasing consumer to believe that he is purchasing a genuine

3  AIR802 cable.  At no time does Defendant disclose that it will fulfill the order using a Times

4  Micro cable in place of the AIR802 product.

5

70.     Defendant has engaged in this infringing activity despite having constructive

6  notice of Plaintiff's 15 U.S.C. § 1072 federal trademark registration rights and despite having

7  actual knowledge of Plaintiff's use of the AIR802 trademark.

8

71.     Defendant's unauthorized use of the AIR802 trademark in the course of

9  selling a competing product constitutes trademark infringement in violation of 15 U.S.C. §

10  1114(1).

11

72.     Defendant's unauthorized use of the AIR802 trademark in the course of

12  selling a competing product constitutes unfair competition in violation of 15 U.S.C. §

13  1125(a).

14

73.     Defendant's unauthorized use of the AIR802 trademark in the course of

15  selling a competing product constitutes counterfeiting in violation of 15 U.S.C. § 1117(c).

16

74.     Defendant's unauthorized use of the AIR802 trademark in the course of

17  selling a competing product constitutes a violation of the Washington Consumer Protection

18  Act (R.C.W. 19.86).

19

75.     Defendant's unauthorized use of the AIR802 trademark in the course of

20  selling a competing product constitutes trademark infringement under Washington common

21  law.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 13

1   76.     Defendant's unauthorized use of the AIR802 trademark in the course of

2   selling a competing product also constitutes unfair competition under Washington common

3   law.

4

5   **SIXTH CAUSE OF ACTION—CLAIMS RELATING TO DEFENDANT'S PURPORTED**

6   **SALES OF PLAINTIFF'S "AIR802 CA600 50 OHM COAXIAL CABLE 500 FEET REEL**

7   **(LMR 600 EQUIVALENT)"**

8   77.     Plaintiff realleges and incorporates paragraphs 1–76 above as though fully set

9   forth herein.

10  78.     Plaintiff manufactures and sells a product known as "AIR802 CA600 50 Ohm

11  Coaxial Cable 500 Feet Reel (LMR 600 Equivalent)" with the AIR802 SKU of CA600-RF500

12  and an ASIN of B0036F2HDO.

13  79.     Upon information and belief, Defendant used and continues to use the AIR802

14  trademark without Plaintiff's consent to sell a competing cable product.

15  80.     Defendant has engaged in this conduct with the intent to mislead, deceive, or

16  confuse customers as to the origin of goods and the intent to trade on Plaintiff's reputation

17  and goodwill.

18  81.     At all times during a consumer's attempted purchase of the AIR802 cable

19  product, Defendant leads the purchasing consumer to believe that he is purchasing a genuine

20  AIR802 cable.  At no time does Defendant disclose that it will fulfill the order using a Times

21  Micro cable in place of the AIR802 product.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 14

1    82.     Defendant has engaged in this infringing activity despite having constructive

2  notice of Plaintiff's 15 U.S.C. § 1072 federal trademark registration rights and despite having

3  actual knowledge of Plaintiff's use of the AIR802 trademark.

4    83.     Defendant's unauthorized use of the AIR802 trademark in the course of

5  selling a competing product constitutes trademark infringement in violation of 15 U.S.C. §

6  1114(1).

7    84.     Defendant's unauthorized use of the AIR802 trademark in the course of

8  selling a competing product constitutes unfair competition in violation of 15 U.S.C. §

9  1125(a).

10   85.     Defendant's unauthorized use of the AIR802 trademark in the course of

11  selling a competing product constitutes counterfeiting in violation of 15 U.S.C. § 1117(c).

12   86.     Defendant's unauthorized use of the AIR802 trademark in the course of

13  selling a competing product constitutes a violation of the Washington Consumer Protection

14  Act (R.C.W. 19.86).

15   87.     Defendant's unauthorized use of the AIR802 trademark in the course of

16  selling a competing product constitutes trademark infringement under Washington common

17  law.

18   88.     Defendant's unauthorized use of the AIR802 trademark in the course of

19  selling a competing product also constitutes unfair competition under Washington common

20  law.

21

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 15

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff AIR802 respectfully requests that the Court enter an Order

for the following relief:

a.       A judgment that Defendant has infringed and continues to infringe on

Plaintiff's AIR802 trademark in violation of 15 U.S.C. § 1114(1);

b.       A judgment that Defendant has engaged in and continues to engage in unfair

competition in violation of 15 U.S.C. § 1125(a);

c.       A judgment that Defendant has engaged in and continues to engage in

counterfeiting of Plaintiff's AIR802 trademark in violation of 15 U.S.C. § 1117(c);

d.       A judgment that Defendant has engaged in and continues to engage in

violations of the Washington Consumer Protection Act (R.C.W. 19.86);

e.       A judgment that Defendant has engaged in and continues to engage in

trademark infringement under Washington common law;

f.       A judgment that Defendant has engaged in and continues to engage in unfair

competition under Washington common law;

g.       Permanently enjoining and restraining Defendants and each of their agents,

employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity

or active concert or participation with any of them from using the AIR802 trademark,

with or without its accompanying logo, to market, advertise, distribute, or otherwise

sell or promote non-AIR802 products;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 16

h.     Directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

i.     Requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation, pursuant to 15 U.S.C. § 1118;

j.     Awarding Plaintiff all damages it has sustained as a result of Defendant's wrongful acts, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

k.     Awarding Plaintiff all profits received by Defendant's from sales and revenue of any kind resulting from Defendant's wrongful acts, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

l.     Awarding treble actual damages and profits pursuant to 15 U.S.C. § 1117(b) because Defendant's conduct was intentional within the meaning of the Lanham Act.

m.     Awarding Plaintiff its attorneys' fees and costs pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from Defendants' deliberate wrongful actions; and

n.     For such other and further relief as the Court deems equitable, proper, and just.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 17

1    DATED: February 25, 2011

2

3                                                        IMUA LEGAL ADVISORS

4
                                                         by:  s/ John E. Grant
5                                                        John E. Grant, WSBA #39539
                                                         Eric S. Meltzer, WSBA #40203
6                                                        Attorneys for Plaintiff,
                                                         T: 206-903-8182
7                                                        F: 206-903-8183
                                                         E: john@imualaw.com
8                                                        E: eric@imualaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

EXHIBIT A

USPTO TRADEMARK REGISTRATION NO. 3,380,827

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 14

IMUA LEGAL ADVISORS
1752 NW MARKET ST., # 211
SEATTLE, WA 98107
TEL 206-903-8182 FAX 206-903-8183

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 3,380,827

**United States Patent and Trademark Office**

Registered Feb. 12, 2008

## TRADEMARK
### PRINCIPAL REGISTER



AIR802 LLC (ILLINOIS LTD LIAB CO)
1169 BANYON COURT
NAPERVILLE, IL 60540

FOR: ANTENNAS; ANTENNAS FOR WIRELESS COMMUNICATIONS APPARATUS; COAXIAL CABLES; ETHERNET CABLES; COMPUTER HARD-WARE, NAMELY, WIRELESS ACCESS POINT (WAP) DEVICES; LAN (LOCAL AREA NETWORK) ACCESS POINTS FOR CONNECTING NETWORK COMPUTER USERS; COMPUTER NETWORK ADAPTERS; LIGHTNING ARRESTERS; VOLTAGE SURGE PROTECTORS; CABLE CONNECTORS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-18-2005; IN COMMERCE 8-22-2005.

THE COLOR(S) GRAY, LIGHT BLUE, DARK BLUE AND BLUE IS/ARE CLAIMED AS A FEA-TURE OF THE MARK.

THE MARK CONSISTS OF THE LETTERS AIR ARE GRAY COLORED, THE NUMBERS 802 ARE IN BLUE, AND THE LETTER I IS DEPICTED AS AN ANTENNA WITH A SWIRL AROUND THE LETTER IN VARIOUS SHADES OF BLUE.

SER. NO. 77-197,406, FILED 6-4-2007.

ALLISON HOLTZ, EXAMINING ATTORNEY